**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ALAN POPE,

Plaintiff,

v.

Case No.: 8:26-cv-3156

536 SINGLE RE LLC d/b/a Soleta Golf Club,

Defendant.

_________________________________/

**PLAINTIFF'S COMPLAINT FOR DAMAGES, ACCOUNTING, AND DECLARATORY RELIEF, AND DEMAND FOR JURY TRIAL**

Plaintiff, ALAN POPE, brings this action against Defendant, 536 SINGLE RE LLC d/b/a Soleta Golf Club, and as grounds therefor alleges and says:

## I. PARTIES

1. Plaintiff is an individual residing in Orange County, Florida.

2. Defendant is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business in Manatee County in the Middle District of Florida.

## II. JURISDICTION AND VENUE

3. This Court has original jurisdiction over Count IV under 28 U.S.C. § 1331 as Count IV presents an actual controversy concerning whether Plaintiff violated a federal law, i.e., the Defend Trade Secrets Act, 18 USCS § 1836(b). as

expressly alleged by Defendant. This Court has supplemental jurisdiction over Counts I through III, and over the Florida Uniform Trade Secrets Act component of Count IV, under 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy.

4. Defendant has asserted that Plaintiff engaged in conduct that allegedly constitutes misappropriation under the Defend Trade Secrets Act. Plaintiff disputes Defendant's assertions and seeks a declaration concerning Plaintiff's legal rights and obligations under that federal statute.

5. The Declaratory Judgment Act authorizes a federal court, in a case of actual controversy otherwise within its jurisdiction, to declare the rights and legal relations of an interested party. 28 USCS § 2201(a) (2020).

6. This Court has personal jurisdiction over Defendant because Defendant conducts business in Florida and/or because the acts and omissions alleged in this Complaint occurred in Florida.

7. Venue is proper in this District because Defendant resides in this District and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. 28 USCS § 1391(b).

## III. FACTUAL ALLEGATIONS

8. On or about November 9, 2022, Plaintiff and Defendant entered into a written agreement concerning Plaintiff's employment and payment of a salary and

incentive compensation commissions (the "Agreement"). (A copy of the parties' Agreement is attached hereto as Exhibit A.)[1]

9. Under the Agreement, Plaintiff agreed to perform services as an at-will employee for Defendant, including recruiting and securing new members for the golf club developed by Defendant. In exchange, Defendant agreed to pay Plaintiff: (a) an annual salary of $80,000 (subject to potential adjustment in the future); and (b) an incentive compensation commission, initially set at 6% of all new member initiation fees for fiscal year 2023.

10. Beginning in 2024, the parties extended the Agreement beyond fiscal year 2023 through their continued performance. Plaintiff continued to perform his duties by recruiting and securing new members, who paid initiation fees on which Defendant owed Plaintiff a commission of 6%, consistent with the rate that applied in fiscal year 2023.

11. In or about January 2025, Defendant advised Plaintiff that while it owed Plaintiff his commissions for new member initiation fees, it was suffering a cash flow issue and asked Plaintiff for more time to make payment of the monies it owed Plaintiff. Plaintiff agreed to allow Defendant more time to pay him the commission payments.

[1] The Agreement identifies Defendant as 536 Single Re, LLC d/b/a Myakka Village. At some point following entry into the Agreement by the Parties, Defendant began operating under the name Soleta Golf Club.

12. In or about February 2025, Defendant and Plaintiff entered a new oral agreement whereby Defendant agreed to pay Plaintiff an additional 2% commission on all loans obtained by the club from new members due to Plaintiff's efforts, while maintaining the base salary of $80,000 annually and the 6% commission on new member initiation fees. This new oral agreement and the initial written agreement are collectively referred to herein as the "Agreements."

13. In early 2025, Defendant's owners, David Turner and Charles Duff, asked Plaintiff to arrange a tour of Miakka Golf Club, which is owned by Steve Herrig. Plaintiff arranged the tour. During the tour, Mr. Herrig suggested that his club and Soleta Golf Club could help each other, and he proposed that Mr. Turner and Mr. Duff talk again about potential synergies between the two clubs.

14. Miakka Golf Club is a step above Soleta Golf Club in the quality of its course and facilities, and it charges correspondingly higher initiation fees and member dues. Because of this price difference, the two clubs attract different clienteles and do not compete. In fact, Miakka members could easily afford to join Soleta as well, giving them access to both courses and sets of amenities. Additionally, Miakka Golf Club is not set to open until December 2026.

15. Shortly after the tour, Mr. Herrig contacted Plaintiff about joining Soleta Golf Club as a member while his own club was under construction. Plaintiff relayed this to Mr. Turner and Mr. Duff, who proposed offering Mr. Herrig a "dues-only" membership in Soleta Golf Club as a courtesy to build a relationship with him. Mr. Herrig accepted the offer and joined Soleta Golf Club as a dues-only member.

16. Following this conversation, Miakka Golf Club referred two to four individuals to Plaintiff as potential members for Soleta Golf Club because they were interested in a golf club with family centered amenities like a pool and clubhouse, which Defendant offered and Miakka Golf Club did not. These referrals became members of Defendant's golf club.

17. Similarly, since mid-2025, a few members of Soleta Golf Club have joined Miakka Golf Club, maintaining memberships in both clubs.

18. During Plaintiff's employment with Defendant, Plaintiff generated, procured, serviced, negotiated, or otherwise contributed to initiation fees paid by new members, which were subject to a 6% commission under the Agreements.

19. During Plaintiff's employment with Defendant, Plaintiff generated, procured, serviced, negotiated, or otherwise contributed to loans by new members that were subject to a 2% commission under the Agreements.

20. In August 2026, when Plaintiff finally pressed Defendant to comply with the obligations under the Agreements and pay him the commissions he had earned during his employment, Defendant terminated Plaintiff's employment without paying him the commissions it owed.

21. Before and/or after Plaintiff's employment ended, members procured by Plaintiff joined Defendant's club. During Plaintiff's employment with Defendant, Plaintiff earned commissions totaling over $1,000,000 under the Agreements, subject to further proof and accounting. Defendant has possession, custody, and control of

records necessary to determine the complete amount of commissions earned by Plaintiff under the Agreements.

22. Defendant has failed and refused to pay Plaintiff the commissions earned despite Plaintiff's demand. Instead, Defendant sought to intimidate Plaintiff and impugn Plaintiff's reputation by falsely asserting Plaintiff had violated terms of the employment agreement by working for a competitor while he was employed with Defendant or otherwise competing with Defendant. These claims are false as Plaintiff never took any action to Defendant's detriment or worked for a competitor of Defendant or any other entity during his employment.

23. Defendant also asserted that Plaintiff violated both State and Federal Trade Secrets Acts by utilizing his personal computer and email during the course of his employment. Such claims are pretextual only and have no merit or substance. However, a claim such as this, left unresolved, is likely to impact Plaintiff's ability to secure future employment.

24. Defendant contends that Plaintiff shared Defendant's trade secrets with people or entities not authorized to see them. Defendant has asserted that Plaintiff's alleged conduct violated the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq., and the Florida Uniform Trade Secrets Act, Fla. Stat. ch. 688.

25. Defendant's assertions have created an actual and present dispute between Plaintiff and Defendant concerning whether Plaintiff acquired, used, or disclosed Defendant's trade secrets in a manner that violated the Federal Defend Trade Secrets Act or the Florida Uniform Trade Secrets Act.

26. Plaintiff denies that Plaintiff acquired any trade secrets through improper means.

27. Plaintiff denies that Plaintiff used or disclosed any of Defendant's trade secrets without Defendant's express or implied consent.

28. Plaintiff denies that Plaintiff engaged in any conduct constituting misappropriation under the Defend Trade Secrets Act or the Florida Uniform Trade Secrets Act.

## COUNT I — BREACH OF CONTRACT

29. Plaintiff realleges and incorporates paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff and Defendant entered into the Agreements, which required Defendant to pay Plaintiff commissions as provided in the Agreements.

31. Plaintiff performed the obligations required of Plaintiff under the Agreements.

32. Plaintiff earned commissions under the Agreements.

33. Defendant materially breached the Agreements by failing to pay Plaintiff the commissions he had earned.

34. All conditions precedent to enforcement of the terms of the Agreements have been performed by Plaintiff or waived by Defendant.

35. As a direct and proximate result of Defendant's breach, Plaintiff has sustained damages in an amount to be proven at trial, including unpaid commissions in excess of $1,000,000.

WHEREFORE, Plaintiff, ALAN POPE, demands judgment against Defendant, 536 SINGLE RE LLC d/b/a Soleta Golf Club, for breach of contract and requests that this Court award:

(a) compensatory damages for all unpaid commissions earned under the Agreements, in an amount to be proven at trial;

(b) pre-judgment and post-judgment interest as allowed by law;

(c) reasonable attorneys' fees and costs pursuant to FLA. STAT. § 448.08; and

(d) such other and further relief as this Court deems just and proper.

**COUNT II — ACCOUNTING**

36. Plaintiff realleges and incorporates paragraphs 1 through 28 as though fully set forth herein.

37. The amount of commissions owed to Plaintiff depends on information uniquely or primarily within Defendant's possession and control, including records concerning membership contracts, initiation fees, sales, invoices, collections, customer payments, revenue, credits, chargebacks, cancellations, commission calculations, and payments.

38. Plaintiff does not have an adequate means to determine the full amount of commissions earned and unpaid without an accounting of Defendant's relevant business and commission records.

39. Defendant has a duty under the Agreement to calculate and pay commissions due to Plaintiff.

40. An accounting is necessary to determine the commissions Defendant owes Plaintiff under the Agreements.

WHEREFORE, Plaintiff, ALAN POPE, demands judgment against Defendant, 536 SINGLE RE LLC d/b/a Soleta Golf Club, for an accounting and requests that this Court:

(a) order Defendant to provide a full and complete accounting of all initiation fees, investments, commission calculations, and commission payments relevant to the commissions owed to Plaintiff under the Agreements for the period December 1, 2022 through the end of Plaintiff's employment;

(b) order Defendant to produce all books, records, documents, and electronic records necessary to verify the accounting;

(c) enter judgment in Plaintiff's favor for all commissions determined to be due and unpaid as a result of the accounting, together with pre-judgment and post-judgment interest as allowed by law;

(d) award Plaintiff reasonable attorneys' fees and costs pursuant to § 448.08, Florida Statutes; and

(e) grant such other and further relief as this Court deems just and proper.

**COUNT III — UNJUST ENRICHMENT (IN THE ALTERNATIVE)**

41. Plaintiff realleges and incorporates paragraphs 1 through 28 as though fully set forth herein.

42. This Count is pleaded in the alternative to Count I to the extent the Court determines that no enforceable agreement governs some or all of the commissions at issue.

43. Plaintiff conferred a benefit on Defendant by performing services, including securing new investors and new members, that generated or contributed to revenue or other value for Defendant.

44. Defendant knowingly accepted and retained the benefit of Plaintiff's services.

45. Defendant's retention of that benefit without paying Plaintiff reasonable compensation for the commissionable business attributable to Plaintiff would be inequitable.

46. Plaintiff has been damaged in an amount to be proven at trial.

WHEREFORE, Plaintiff, ALAN POPE, demands judgment against Defendant, 536 SINGLE RE LLC d/b/a Soleta Golf Club and requests that this Court award:

(a) damages in the amount of the reasonable value of the services Plaintiff rendered to, and the benefit conferred upon, Defendant, in an amount to be proven at trial;

(b) pre-judgment and post-judgment interest as allowed by law;

(c) costs incurred; and

(d) such other and further relief as this Court deems just and proper.

## COUNT IV — DECLARATORY JUDGMENT REGARDING ASSERTED TRADE-SECRET CLAIMS

49. Plaintiff realleges and incorporates paragraphs 1 through 28 as though fully set forth herein.

50. Defendant has asserted that Plaintiff engaged in conduct that allegedly violated the Defend Trade Secrets Act and the Florida Uniform Trade Secrets Act.

51. Defendant's assertions concern alleged trade secrets and Plaintiff's alleged conduct of misappropriating said trade secrets.

52. Plaintiff disputes that the information identified by Defendant constitutes a trade secret protected by the Defend Trade Secrets Act or the Florida Uniform Trade Secrets Act.

53. Plaintiff further disputes that Plaintiff acquired, used, disclosed, or otherwise misappropriated any Defendant trade secret after Plaintiff's employment ended.

54. The Defend Trade Secrets Act and Florida's Uniform Trade Secret Act defines misappropriation to include acquisition of another's trade secret through improper means, or unauthorized disclosure or use of a trade secret under specified circumstances.

55. Plaintiff did not acquire Defendant's alleged trade secrets through improper means.

56. Plaintiff did not use or disclose Defendant's alleged trade secrets without Defendant's express or implied consent.

57. Plaintiff did not otherwise engage in conduct constituting misappropriation under the Defend Trade Secrets Act or the Florida Uniform Trade Secrets Act.

58. An actual, present, and justiciable controversy exists because Defendant has asserted trade-secret allegations against Plaintiff and Plaintiff disputes liability arising from those allegations.

59. A declaration will resolve the parties' dispute concerning whether Plaintiff violated the Defend Trade Secrets Act or the Florida Uniform Trade Secrets Act through conduct occurring after Plaintiff's employment ended.

WHEREFORE, Plaintiff, ALAN POPE, demands judgment against Defendant, 536 SINGLE RE LLC d/b/a Soleta Golf Club, and requests that this Court enter a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, declaring that:

(a) the information identified in Exhibit B does not constitute a trade secret protected by the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq., or the Florida Uniform Trade Secrets Act, Fla. Stat. ch. 688;

(b) Plaintiff did not acquire, use, disclose, or otherwise misappropriate any trade secret of Defendant in violation of the Defend Trade Secrets Act or the Florida Uniform Trade Secrets Act;

(c) Plaintiff is not liable to Defendant under the Defend Trade Secrets Act or the Florida Uniform Trade Secrets Act;

and further requests that this Court:

(d) grant further necessary or proper relief based on the declaratory judgment pursuant to 28 U.S.C. § 2202;

(e) award Plaintiff reasonable attorneys' fees and costs pursuant to 18 U.S.C. § 1836(b)(3)(D) and Fla. Stat. § 688.005, to the extent Defendant's misappropriation claim was made in bad faith; and

(f) grant such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 16, 2026

Respectfully submitted,

*/s/ Gary L. Printy Jr.*
GARY L. PRINTY, JR
FL BAR ID NO. 41956
THE PRINTY LAW FIRM
5407 N Florida Avenue
Tampa, Florida 33604
Telephone (813) 434-0649
FAX (813) 423-6543
garyjr@printylawfirm.com
e-service@printylawfirm.com
*Lead Counsel for Plaintiff, Alan Pope*

*/s/ Brian R. Gilchrist*
Brian R. Gilchrist (*Lead Counsel*)
FL Bar No. 774065
bgilchrist@allendyer.com
Allen, Dyer, Doppelt + Gilchrist, P.A.
255 South Orange Avenue, Suite 1401
Orlando, Florida 32801
Tel. (407) 841-2330

Fax: (407) 841-2343
*Attorneys for Plaintiff, Alan Pope*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 16, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Gary L. Printy, Jr.*
Gary L. Printy, Jr.
FL Bar No. 41956